Thomas Roach appearing on behalf of Alice Castle. This is a Social Security case and it was denied at step two, which is a determination that Ms. Castle did not have a severe impairment. The judge based this on the fact that when Social Security sent Ms. Castle out for an evaluation, the judge said that the evaluating doctor, Dr. Nicholson, found her mildly limited in her ability to associate with day-to-day work, activity, including attendance and safety. Unfortunately, what Dr. Nicholson's report actually says is that she is moderately limited in her ability to associate with day-to-day work, activity, including attendance and safety. This alone would be enough to establish a severe impairment. Mildly is a... In a number of them, he did find that she was mildly limited. But it is number five where the ALJ has evidently misread it and mischaracterized it. It does say moderately rather than mildly. But there's quite a bit of other evidence in here that she was overall mildly limited. In other areas, yes, but not in the area of ability to associate with day-to-day work activity and attendance and safety. Well, Dr. Paxton and Loomis, I think they were non-examining physicians, correct? Yes. I mean, they both indicated there was no impairment there in their write-ups. So why doesn't that make the ALJ's determination here or misreading of Dr. Nicholson's report merely a harmless error? Well, because Dr. Paxton and Dr. Loomis, their opinion was nothing more than not substantial evidence. Why isn't it substantial evidence? Because all they've done is reviewed Dr. Nicholson's report and the file. They haven't examined the claimant. They haven't... Well, it's evidence, right? It may not normally, we say, it doesn't get the same weight as an examining or treating physician, but certainly medical evidence in the record. That's true, but... The ALJ found that they were based on a thorough review of the evidence, well-supported by the medical evidence. Why isn't that... It's certainly evidence, as Judge Kuda points out. Why isn't it substantial evidence? Because it's not necessarily well-supported. Why not? Miss Castle's therapist, Kelsey Michael, found that she was limited and she had been seeing Miss Castle for over a year. So... But he gave, the ALJ gave, I guess we call it germane, germane reasons for rejecting that testimony. He said that it's not a medically acceptable source and it conflicts with the substantial evidence of the record. And did he also say that it was a fill-in-the-blank type form? Yes. Yes, he did. Well, the medical source is, it has to be a doctor or some other acceptable medical source to make a diagnosis. Well, everybody throughout this record has made the diagnosis of depression, okay? A therapist can be a source of medical evidence for the severity of the condition, okay? Well, he, the ALJ acknowledges a depressive disorder, I think, not otherwise specified, but says it's not severe. So it doesn't, it doesn't only minimally impact her ability to work, I guess. That's correct. But Miss Michaels and Dr. Nicholson both say that she is... ...moderately limited in the areas of day-to-day work activity. Well, he rejected, Judge, he rejected Michaels' testimony, and although he made a mistake on Nicholson, I guess we could say that he would have rejected Nicholson for the same reason. Why wouldn't we say that? So that his error in misreading Dr. Nicholson's analysis was harmless. There's nothing in the record that leads us to believe that he would have rejected Nicholson. Had he read it correctly. Had he read it correctly, yes. Well, Nicholson is a little bit inconsistent, don't you find? Yes, I do. He says that number five, that she's moderately limited in day-to-day work activity, but number seven, that she can perform work activities on a consistent basis, is mildly limited. And when he goes to a GAF, a general global assessment function, he finds 65, which is described as mild symptoms. Yes. So the balance of Dr. Nicholson's testimony is mild, not moderate. Difficulty in the workplace. Well, that's something that the ALJ should have clarified. That's an ambiguity, a discrepancy, that he should have clarified the difference between item number five, that says moderately limited, and the other items that say. Can't we treat that as Scribner's error? I don't see why. Because of the balance of his other mentions of mild rather than moderate? I think that it's for the ALJ to make that determination. Okay. I'll reserve any final time for rebuttal. Thank you, Mr. Roach. Good morning, Your Honors. My name is Michael Marriott. I'm here on behalf of the Commissioner of Social Security. In this case, we have evidence from two consultative examiners and four state agency reviewing physicians who all unanimously opined that claimant was not significantly limited. These six medical opinions fully support the ALJ's Step 2 finding that claimant did not have a severe impairment, and there is no competent evidence that contradicts these. Well, we have an examining physician who says she's moderately limited. Wouldn't that kick it out of the Step 2 non-severe? I mean, although the regulation talks about significant impairment, the interpretation in the Social Security guidance says anything beyond minimal. I always said if it's something beyond a hangnail, then it passes Step 2. And here he's saying she's moderately limited. Why did the ALJ err in not saying that, and how can we say that it's harmless when we have an examining physician saying she's moderately limited in this area? Well, Dr. Nicholson's report was reviewed by two state agency physicians. Those were Drs. Paxton and Loomis. Now, state agency physicians are experts in Social Security disability evaluation. Well, Paxton gives us a check-the-box form, and Loomis' write-up I couldn't even understand. I mean, he's got some sort of doctor telegraph stuff. So we have said we don't give that sort of check-the-box thing significant weight, plus they weren't examining physicians, and the ALJ didn't explain why he would give, since he made a mistake, why he would give these reviewing physicians with their check-the-box form more weight than what the examining physician said. Well, these physicians did review the record and reviewed Dr. Nicholson's findings and both opined that there was no significant impairment. And furthermore, the ability to associate with day-to-day activity. I don't think that answers my question, though. I mean, they're non-examining physicians with check-the-box forms. Wouldn't the ALJ have to explain? I forgot what our rubric is, like legitimate and specific reasons why he would give their opinions more weight than an examining physician? I don't believe that the ALJ did give their opinions more weight than the examining physician. He gave great weights to Dr. Nicholson's report. I think he missed the moderate. We know that because he said they're all mild. So he missed the moderately. So he didn't really have an opportunity. He didn't explain why he discounted this moderate, this determination that her ability to associate with day-to-day work activity, including attendance and safety, which are pretty key to basic work activities, was moderately limited. Well, we need to, moderately limited in the ability to associate with day-to-day work activity is, this is a very vague term, and it doesn't carry any direct vocational import. Basic work activities are activities like walking, talking, standing, sitting, seeing, hearing, understanding and remembering simple instructions, responding  and this mild or the moderate impairment in the ability to associate with day-to-day work activity does not speak to any of these criteria. Furthermore, if we read Dr. Nicholson's report as a whole. Doesn't attendance and safety being moderately limited, wouldn't that affect your ability to do work? It is certainly possible, but right in the context of Dr. Nicholson's report, Dr. Nicholson's report, this is merely one criteria out of eight that he discussed, and the only one which he found that claimant was even moderately limited, and furthermore, came in the same page where he found that claimant had an overall global assessment of functioning score of 65, which indicates only mild symptoms. But isn't it up to the ALJ, not to us, to explain the inconsistency? And to make a determination as to how it affects whether it's step two, the impairments are merely minimal, because that's the standard. It's a very, very low standard. Yes, well, it's up to the ALJ to resolve ambiguities in the medical evidence. However, this was an error, but this is a harmless error. This was merely one statement out of many pieces of medical evidence, and the ALJ essentially just misquoted a single word from Dr. Nicholson's report. A very important word, wouldn't you agree? It's a significant word. But as I said, if we look at Dr. Nicholson's report, Dr. Nicholson opined that the claimant was mildly to not limited in just about every area of functioning, and as I said before, with a global assessment of functioning score of 65 indicating at most mild symptoms. So read as a whole, Dr. Nicholson's report strongly supports the ALJ's step two finding that claimant did not have any significant limitations, and we had two state agency reviewing physicians who are experts in interpreting these reports for social security disability evaluation purposes, and both of them also found that claimant did not have any severe impairment. On page seven of the ALJ's report, I'm looking at ER, I don't know either 10 or 37 or something, I've got a whole bunch of numbers stamped on here, but it's page seven of the ALJ's own numbering. So the mistake about Dr. Nicholson is on page six. I'm on the next page. Are you with me? Okay. I'm with you, Your Honor. Okay. About two-thirds of the way down, the ALJ begins a discussion, says the first functional area of living is activities of daily living, and he has four different, he discusses four functional areas. Are those based on the medical reports? How do these relate to, how does Dr. Nicholson's report incorporate into these findings? Or does it? Are these independent of the medical? Well, these would be based on the medical evidence as a whole. So this would be based on the reports of Dr. Nicholson, and Dr. Erickson. Where would the question of her moderate limitation to associate with day-to-day work activity, including attendance and safety, which of these functions would that be incorporated in? I don't know that it would be directly incorporated in any of these. The closest would be concentration, persistence, and pace, but I believe Dr. Nicholson looked at that directly and said that there was not a significant. And are these four things that the ALJ has set out, are these part of the regulations? Is this something that an ALJ is routinely supposed to do? Or do you sort of make these up? No. These would be, they came out of 20 CFR Part 4 for Subpart P, Appendix 1. Okay. So directly from the regulations. And so you, it's the agency's position that Dr. Nicholson's report as a whole has been incorporated into these findings? That's correct, Your Honor. Okay. Unless the panel has any further questions, we ask that the Court affirm the ALJ and district courts for a recent decision finding that claimant was not significantly limited. Thank you. Thank you, Mr. Marriott. Mr. Roach, you have time reserved. The four areas of functioning that the ALJ lists are what is known as the B criteria for disability. And if you meet the B criteria, you are presumed disabled. But the B criteria includes all of these lesser things that Dr. Nicholson included in his report. So you agree with the government's characterization that in order to make these four findings, that the ALJ, that this includes sort of a general summary or impression of the medical evidence, including Dr. Nicholson's report? Yes. Which one of these is most directly related to the error that the ALJ made? The third functional area, concentration, persistence, and pace. Okay. Obviously. Because that question, the ALJ concludes that in that area the claimant has mild limitation. And that would be consistent with finding four on the functional assessment by Dr. Nicholson. The claimant's ability to maintain concentration and attention, persistence, and pace is mildly limited is what Dr. Nicholson said. Yes. So, I mean, he has a more specific finding that relates to the criteria, and there he has accurately characterized Dr. Nicholson's findings. Right. But the moderate ability to associate day-to-day work activity, including attendance and safety, would go towards pace. I mean, the person can't keep up the pace if they can't show up for work. All right. Thank you.
judges: Bybee, Bea, Ikuta